Argued and submitted September 3, affirmed in part, reversed in part and remanded for further proceedings December 8, 1980, reconsideration denied January 15, petition for review denied February 4, 1981 (290 Or 449)

## H.N.M. ENTERPRISES, INC.,
*Plaintiff,*

*v.*

## HAMILTON,
*Defendant.*

and

## HAMILTON,
*Respondent - Cross-Appellant,*

*v.*

## MILES,
*Appellant - Cross-Respondent.*

(Nos. 420 434 & A7708-11028, CA 13829)

621 P2d 57

Gary J. Lekas, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Thomas A. Gerber, Portland, argued the cause for respondent - cross-appellant. With him on the brief was O'Donnell, Rhoades, Gerber, Sullivan & Ramis, and Kenneth M. Elliott, Certified Law Student, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P. J.

## RICHARDSON, P.J.

H.N.M. Enterprises, Inc. (H.N.M.), a corporation, filed an action against Hamilton on a promissory note arising out of a sale of a business to Hamilton. In his answer, Hamilton counterclaimed for breach of implied covenants, fraud and tortious interferrence with prospective business advantage and sought compensatory and punitive damages. In a companion case, Hamilton sought compensatory damages from Howard N. Miles for breach of an express noncompetition covenant arising out of the same sale. The two cases were consolidated for trial to a jury.

H.N.M. was given judgment against Hamilton on the promissory notes, and Hamilton received a judgment against H.N.M. for compensatory and punitive damages. In the second case, Hamilton was given a judgment against Miles for compensatory damages. Both the corporation and Miles appealed. The corporation's appeal was dismissed and only Miles' appeal survives. Hamilton cross-appeals a summary judgment in favor of Miles on Hamilton's request for attorney's fees.

Appellant Miles operated a business known as City Sanitary Products, Inc., which involved the sale of janitorial supplies. Hamilton agreed to purchase the assets of the business, including a portion of the inventory and goodwill. $7,500 of the purchase price was allocated to goodwill and the balance to equipment, inventory and fixtures. The terms of the sale were set forth in a written agreement and the purchase price was evidenced by promissory notes payable to H.N.M. H.N.M. was formed by Miles and existed as an active corporation only to receive payments on the promissory notes.

Miles had been engaged in the business of selling cleaning supplies for a number of years. The sales agreement between Hamilton and the corporation contained certain specific provisions by which Miles agreed to be individually bound. Miles, in essence, agreed individually not to sell janitorial supplies to his former customers for a period of three years. Miles signed the agreement on behalf of the corporation and signed in his individual capacity as

agreeing to the designated portions of the agreement which applied to him individually.

Subsequent to the sale of the business, Miles, individually and through H.N.M., sold janitorial supplies to some of his former customers in violation of the agreement.

The agreement provided that any substantial default by Hamilton would relieve Miles of his covenants not to compete with Hamilton. Hamilton agreed to maintain a certain inventory of products and to furnish periodic financial statements to H.N.M. Miles admitted making the prohibited sales but contended Hamilton had breached the agreement by not maintaining the required inventory and not submitting the required financial statements. When Hamilton discovered Miles had been making sales to his former customers, Hamilton ceased payments on the promissory notes. These two law suits were then filed.

The jury returned the following special verdict:

"(1)    Is H.N.M. Enterprises, Inc. entitled to a verdict against John M. Hamilton?

"Answer:   Yes. (Verdict directed by Court)

"If yes, the amount:   $7,075.18 principal amount.

"(2)    Is John M. Hamilton entitled to a verdict of general damages against H.N.M. Enterprises, Inc.?

"Answer:   Yes 12

"If yes, the amount:   $12,753.26 10-2

"If yes, is the verdict based upon breach of contract?
12 Yes

"(3)    Is John M. Hamilton entitled to a verdict of punitive damages against H.N.M. Enterprises, Inc.?

"Answer:   Yes 10-2

"If yes, the amount:   $25000.00 9-3

"(4)    Is John M. Hamilton entitled to a verdict of general damages against Howard N. Miles?

Answer:   Yes 12

"If yes, the amount:   $12753.26. 10-2"

The court ruled the general damage award in each case covered the same damages, and judgment was entered in favor of Hamilton and jointly and severally against Miles and the corporation for those damages. By stipulation the general damage award was reduced to $11,971.26

because of a mathematical error by the jury. The punitive damage award against the corporation was offset by the award of damages against Hamilton on the promissory note.

■     The trial and post trial proceedings consumed approximately seven days and involved a number of court reporters. The transcript for one day of trial is missing. Counsel for appellant Miles stated during oral argument that financial arrangement had been completed with the court reporter but the transcript was not produced. Counsel for Hamilton stated the court reporter certified that the transcript was available but not filed because no payment had been made. Appellant did not move for an extension of time to produce the missing transcript or otherwise seek the aid of the court in getting the transcript filed. Whatever the reason for the unavailability of the transcript, it is missing. An appellant has the responsibility of providing a sufficient record for review of the claims of error. If the record is insufficient for review, the unreviewable claims of error will be disregarded.

Appellant makes nine assignments of error. We have devoted an inordinate amount of time attempting to comprehend the claims of error. The problem results from appellant's failure to comply with Rule 7.19 of the Supreme Court and Court of Appeals Rules of Procedure. Appellant adopted the device of including portions of the transcript in the appendices of the brief and in some of the assignments referring to the transcript in the appendix. This is an acceptable practice to satisfy the part of Rule 7.19 requiring the assignment of error to set out verbatim the pertinent portions of the record. However, Rule 7.19 requires that the body of the brief shall clearly and succinctly state the assignment of error in conformity with the examples set out in Appendix F to Rule 7.19. The requirements of the rule are not simply formalistic busy work, but are designed to inform the appellate courts clearly of the precise ruling that is contended to be error. Appellant has not followed the format set out in Appendix F to Rule 7.19, and we have had difficulty in determining the basis of his claims of error.

■     Assignment of error number one states:

"The Court erred in allowing the jury to consider awarding punitive damages.

"The jury was instructed to award punitive damages (App. 1) even though objection was made to the jury considering punitive damages because of the absence of any evidence (App. 3-5)."

The appendix reference "App. 1" is a transcript of the instruction on punitive damages given by the court. There is no indication that appellant excepted to the instruction. If the claim of error is that the court improperly instructed the jury, the claim is not preserved. Appendix reference "App. 3-5" contains a portion of the transcript wherein counsel for H.N.M. moved to strike the punitive damage claim on the basis of lack of evidence that the conduct of Miles or the corporation was done wantonly, willfully and maliciously. He also moved to strike the allegations on the ground there was no evidence of the wealth of H.N.M. and asked that the punitive damage prayer be reduced to the amount of assets that the evidence disclosed the corporation owned.

■ From the argument included under this assignment it appears appellant is claiming the court erred in not striking the punitive damage claim from the complaint because there was no evidence of wanton, willful and malicious conduct. We decline to review this claim of error for two independent reasons. Miles, who appeals individually, was not a party to the case wherein punitive damages were awarded against the corporation. He does not have standing to challenge the award of punitive damages. As indicated, the corporation's appeal was dismissed. Miles argues that he has standing because the judgment effectively made him liable for a portion of the punitive damages. He arrives at this conclusion by the following analysis. The court offset the punitive damage award by the amount the corporation recovered from Hamilton on the promissory note. Miles was made jointly and severally liable for the general damages. He contends the court should have offset the general damages by the amount recovered on the promissory note, thereby reducing the judgment against him. Because the court offset the punitive damages, he contends, in effect he will be personally liable to pay the difference in the amount of punitive damages awarded and the amount of the offset judgment.

The judgment on the promissory note was in favor of the corporation. Miles is not entitled to the benefits of that judgment to offset the judgment against him in a separate cause of action. The possible benefit he perceives if the court would offset the recovery in favor of the corporation against the joint liability of the corporation and himself for general damages, does not give him standing to challenge a judgment rendered in a law suit to which he was not a party. The corporation does not appeal the judgment which incorporated the offsetting damages, and Miles cannot appeal on the corporation's behalf.

■ The second basis for not reviewing the merits of the first claim of error is that it appears to challenge the sufficiency of the evidence. In order to review such a claim we must have an adequate record. Because of the missing transcript we cannot determine if the evidence was sufficient to submit the punitive damage claim to the jury.

The second assignment states:

"The Court erred in allowing the jury to consider as lost profits the sum of $4,471.26, because there was insufficient evidence that such sum represented a loss of net profits.

"* * * * *

"Miles objected to the lost profit claim on the basis of lack of evidence (FTR 31, 36-37, App. 24-26) and because Hamilton had no history of making profit (FTR 51-55, App 27-31)."

The appendix reference "App. 24-26" contains a transcript of appellant's motion for nonsuit on the entire complaint on the basis of insufficiency of the evidence to establish a violation of the noncompetition provision of the agreement. There appears also to be a motion for nonsuit on the general damage claim for lost profits. If the assignment of error is that the motion for nonsuit as to lost profits should have been granted, it is unreviewable because of the incomplete transcript. We decline to speculate that the evidence recited in the argument under this assignment is the only evidence bearing on that issue presented during trial.

The third assignment says the court erred in allowing duplication of damages by allowing recovery for both loss of profits and injury to business goodwill. That assignment recites:

"* * * * *

"Miles objected to Hamilton receiving a double recovery (FTR 33) and based his Motion For a New Trial partly on this ground."

We cannot determine if the assignment of error is that the court improperly overruled an objection or improperly denied the motion for new trial. We decline to review this claim of error because we cannot determine what it is.

Assignment number four claims:

"The Court erred in admitting into evidence customer ledger cards of Hamilton to show loss of customers and injury to goodwill because there was no evidence of causal connection with conduct of Miles or HNM.
"* * * * *."

There is no indication in this assignment what ruling, if any, the appellant claims is error. We decline to search the record to see if a proper objection was made and on what ground. Rule 7.19.

In assignment of error number five, appellant alleges the court erred in entering judgment for punitive damages because the judgment was based upon a jury finding of breach of contract. As we held in the discussion of the first assignment of error, Miles does not have standing to appeal the judgment awarded against the corporation.

The sixth assignment contends the court erred by striking Miles' affirmative defense that Miles' covenant not to compete was unenforceable because it covered too large a geographic area. The assignment refers to"A. 13; 21"of the appendix. The referenced pages contain a copy of appellant's answer with lines drawn through certain paragraphs of the pleading. As respondent notes, Hamilton's motion to strike Miles' affirmative defenses was denied. We do not understand this purported assignment of error and decline to review it.

The seventh assignment states:

"The Court erred in not granting Miles' Motion for nonsuit which was based upon Hamilton's failure to prove his compliance with express contractual conditions before he

could claim any liability of Miles to refrain from competing with Hamilton.

"\* \* \* \* \*."

This assignment does not set forth verbatim the motion made and the ruling of the court. Rule 7.19. There is no reference to the transcript or the appendix of the brief. We have taken great pains to decipher the assignments of error, insofar as it is possible, within the confines of the brief. We decline to take the further step of reviewing the transcript to determine if a proper motion was made and at what juncture in the trial. Rule 7.19. We decline to review this assignment of error.

In the eighth assignment, Miles alleges the court erred in not crediting him with the H.N.M. judgment offset against the Hamilton judgment. This argument proceeds on the same analysis put forth by Miles in the first assignment of error to support his right to challenge the judgment against H.N.M. Miles does not have standing to contest the judgment, including the offset, against the corporation. He was not a party in that case.

The final assignment claims the court erred in submitting to the jury the issue of damage to business goodwill. The portion of the appendix referred to in this assignment discloses appellant moved to strike the claim for loss of goodwill of the business on the ground there was no evidence to establish that the goodwill of the business was damaged. The trial court denied the motion to strike. We cannot review this claim of error because the transcript is incomplete. The judgment against Miles is affirmed.

### CROSS-APPEAL

Plaintiff Hamilton requested attorney's fees in his complaint, pursuant to a provision in the sales agreement. By stipulation, the parties agreed that the question of Hamilton's attorney's fees would be postponed until the conclusion of the trial. The court granted Miles' motion for summary judgment on the basis that as a matter of law Hamilton was not entitled to attorney's fees under the contract.

The sales agreement provided in pertinent part:

"This is an Agreement between CITY SANITARY PRODUCTS, INC. [H.N.M. Enterprises, Inc.], an Oregon

corporation ('Seller'), and JOHN M. HAMILTON ('Buyer'). This Agreement is made this 9th day of November, 1972.

"\* \* \* \* \*

"9. Agreements of Howard N. Miles.

"Howard N. Miles, Secretary and principal shareholder of Seller, makes the following additional agreements on his own individual behalf in order to induce Buyer to buy, as set forth above:

"\* \* \* \* \*."

The balance of paragraph "9" contained the agreement of Miles not to compete with Hamilton for a period of three years. Paragraph "9"(d) states:

"(d) Howard N. Miles is jointly and severally liable with Seller for the obligations of Seller under paragraphs 5, 6 and 7 hereof."

Paragraphs 5, 6 and 7 relate to warranties of the seller, seller's agreement to pay any broker's fee connected with the sale and seller's compliance with the Bulk Transfer Law.

Miles and his wife, as corporate officers, signed the agreement on behalf of the seller. Miles then signed the agreement under the following paragraph:

"Howard N. Miles, by his signature below, agrees to the separate obligations applicable to him in his individual capacity set forth above.

/s/ Howard N. Miles

Howard N. Miles, Individually"

Paragraph 13, entitled "Attorney's Fees," provides:

"In case suit or action is instituted to enforce any of the provisions hereof, the losing party agrees to pay such sum as the trial court may adjudge reasonable as attorney's fees to be allowed in said suit or action and if an appeal is taken from any judgment or decree of such trial court, each party further promises to pay such sum as the appellate court shall adjudge reasonable as attorney's fees awarded either party on such appeal."

Miles argues in support of the summary judgment respecting attorney's fees that he is bound as an individual to only certain specific provisions of the agreement, not including paragraph 13. Consequently, he contends, he has

not agreed to pay attorney's fees to Hamilton if Hamilton prevails in a cause of action against him individually. Thus, he concludes, as a matter of law, Hamilton is not entitled to contractual attorney's fees.

Hamilton makes three contentions in opposition to the summary judgment: First, that Miles is a party to the agreement and paragraph 13 obligates a party to pay attorney's fees to any party who prevails in an action to enforce any provision of the contract. Second, that if Miles prevailed in the action on the contract he would be entitled to attorney's fees, and pursuant to ORS 20.096(1) Hamilton has a reciprocal right to such fees if he prevails. Third, that the agreement respecting attorney's fees is ambiguous, and an evidentiary hearing is necessary to determine the intent of the parties regarding the application of paragraph 13.

■ One is a party to an agreement not only by promising to do certain things but also by being the recipient of another's obligation to perform. Miles agreed to certain specific obligations under particular provisions of the agreement. He was a party to those particular provisions. In paragraph 12 of the contract, which was not one of the provisions specifically designated as applicable to Miles, he accrued certain rights. Paragraph 12 provided, as material:

> "* * * Any subtantial default by Buyer [Hamilton] shall relieve Howard N. Miles of his covenants under paragraph 9 above, in addition to any other remedies that may result to Seller and Howard N. Miles. * * *"

Miles, pursuant to paragraph 12, could defend his violation of the covenant not to compete by establishing that Hamilton substantially breached any provision of the entire agreement. Miles thus accrued benefits under the entire agreement and was a party to the agreement in that respect. He in fact asserted as an affirmative defense that Hamilton breached the agreement by not maintaining a sufficient inventory and by not providing the required financial statements.

■ Paragraph 13, relating to attorney's fees, provides that in any action to enforce any provision of the agreement, the prevailing party is entitled to attorney's fees. We interpret the provision to apply to an action to enforce

paragraph 9, wherein Miles agreed not to compete with Hamilton. The provision uses the term "party." In other provisions of the agreement when a particular obligation of performance was to inure to the benefit of a particular party the agreement uses the terms "buyer" and "seller." The term "party" used in paragraph 13 has a broader meaning than "buyer" and "seller." It includes all the signatories to the agreement. We conclude from a reading of the entire agreement that it was the intent of the signers of the agreement that the prevailing party in a cause of action to enforce any provision of the contract would be entitled to attorney's fees paid by the losing party. The trial court erred in granting a summary judgment on Hamilton's plea for attorney's fees. We remand the case for a determination of reasonable attorney's fees.

Affirmed in part, reversed in part and remanded for further proceedings.