Argued and submitted February 12, affirmed June 23,
reconsideration denied September 16,
petition for review denied October 5, 1982 (293 Or 635)

## J. A. TERTELING & SONS, INCORPORATED,
dba Western Equipment Company, Inc.,
*Appellant,*

*v.*

## McKAGUE,
*Respondent.*

(No. 11,565, CA A20644)

646 P2d 1377

Steven J. Joseph, La Grande, argued the cause for appellant. With him on the briefs were Willard K. Carey and Carey & Joseph, P. C., La Grande.

W. Eugene Hallman, Pendleton, argued the cause for respondent. With him on the brief were Robert T. Mautz and Mautz and Hallman, Pendleton.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

YOUNG, J.

## YOUNG, J.

This is an action for a deficiency judgment following the repossession and sale of secured collateral. Defendant counter-claimed, alleging misrepresentation, fraud, conversion and breach of warranty. The jury returned a verdict for defendant, and plaintiff appeals. We affirm.

Plaintiff makes five assignments of error. Because of plaintiff's failure to comply with ORAP 7.19, we have spent an inordinate amount of time in an attempt to determine plaintiff's specific contentions. Plaintiff broadly concludes that the trial court committed error without setting forth verbatim the pertinent portions of the record. Moreover, we are not directed to that portion of the record where the objection or motion and the court's ruling can be found. Defendant argues that we should exercise our discretion under ORAP 7.19 and not consider errors not regularly assigned.[1] *Arleth v. Siler,* 50 Or App 391, 622 P2d 1156 (1981); *H.N.M. Enterprises, Inc. v. Hamilton,* 49 Or App 613, 617, 621 P2d 57 (1980), *rev den* 290 Or 449 (1981).

This case illustrates the importance of complying with our procedural rules. Because of plaintiff's failure to comply with ORAP 7.19, defendant was effectively prevented from responding to plaintiff's assignments of error. At one point defendant asserted in his respondent's brief that he "is not certain exactly what [plaintiff] is appealing." Plaintiff filed a reply brief and attempted for the first time to comply with ORAP 7.19, although still falling short of the illustrations in Appendix F to ORAP. In addition, it appears that plaintiff changed its argument regarding assignments one and five from those stated in its opening brief, and that violated ORAP 7.40. Defendant then felt compelled to file a "memorandum of additional authorities" in an attempt to answer the matters raised for the first time in plaintiff's reply brief; a process which necessarily required him to violate ORAP 7.50, which allows a proposition of law to be briefly stated but *not* argued.

---

[1] Defendant makes this argument with regard to assignments of error numbers one, two, three and five. Assignment of error number four goes to objections to defendant's cost bill and is reviewable on appeal. However, plaintiff concedes this assignment in its reply brief.

We are under no duty to search the record in order to consider the assignments of error, and we will not do so.

Affirmed.