Submitted on record and briefs March 25, affirmed October 2, 1985

PARKER et ux,
*Appellants,*

*v.*

SCHARBACH,
*Respondent.*

(16-83-02855; CA A34475)

707 P2d 85

A. J. Morris and Hoffman, Morris, Giustina & Fox, Eugene, filed the brief for appellants.

Robert A. Ford, Eugene, filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is an action to foreclose a land sale contract. The trial court granted foreclosure. After a hearing on defendant Scharbach's objections to plaintiffs' statement of costs and disbursements, the court awarded plaintiffs a judgment against Scharbach and McAdams for costs and disbursements and a judgment against McAdams for plaintiffs' reasonable attorney fees. Plaintiffs appeal and argue that it was error to deny them a judgment against Scharbach for the attorney fees. We affirm.[1]

In 1977, plaintiffs and Scharbach entered into a land sale contract. In 1980, Scharbach assigned his purchaser's interest in the contract to McAdams. Plaintiffs signed a consent to the assignment, expressly reserving their right to enforce the contract against Scharbach. Defendants defaulted, and in April, 1980, plaintiffs filed a foreclosure action. They were granted summary judgment, and an "interlocutory decree" of strict foreclosure was entered. Plaintiffs, as the prevailing parties, filed a statement of costs and disbursements and claimed attorney's fees of $4,500.[2]

Scharbach timely filed objections pursuant to ORCP 68C (4)(b) and, after a hearing, the trial court ruled that the costs and disbursements were the joint and several obligation of Scharbach and McAdams but that only McAdams was responsible for plaintiff's reasonable attorney fees.

When plaintiffs filed the statement of costs and disbursements, they supported their claim for attorney fees with their attorney's affidavit. The affidavit included a figure for the total hours expended to date and estimated that an additional five hours would be required. It concluded with a statement that the claimed hourly rate was reasonable and

---

[1] The judgment appealed from was titled "Amended Final Decree of Strict Foreclosure of Real Estate Contract." It provides that there is no just reason to delay entry of judgment, and it expressly directs entry of judgment. See ORCP 67B.

[2] The basis for the attorney's fees is contractual. The contract provides:

"*ATTORNEY'S FEES:* In case suit or action is instituted by either party to enforce any provision hereof, the prevailing party in such suit or action shall, in addition to the relief granted, be entitled to judgment for such sum as the court may adjudge reasonable as attorney's fees; and if any appeal is taken from any decision of the trial court, such sum as may be fixed by the appellate court as the prevailing party's reasonable attorney's fees in the appellate court."

that $4,500 was a reasonable attorney fee. Scharbach objected on the basis that plaintiffs did not provide a "detailed statement" of attorney fees as required by ORCP 68C(4)(a)(i), that, in any event, the claimed fee is unreasonable as to Scharbach, because he fully cooperated with plaintiffs and did not impede the litigation, and that the substantial delay and expense was caused by McAdams' litigation tactics.

At the hearing, plaintiffs called an expert witness who testified that a fee of $4,500 was reasonable in view of the hours expended.[3] At the end of the hearing, plaintiffs' counsel offered to file an amended affidavit if the court believed the original was insufficient. The court rejected the offer, because the hearing had provided an opportunity to present evidence in support of the claim.[4] The trial court explained its ruling on the attorney fees:

> "So technically speaking, I suppose [Scharbach's] objection to the attorney's fees is sustained on two grounds. One, the detail—the lack of detail in the affidavit. And the lack of specification as to your client. I have heard no objection as to Mr. McAdams. I am not ruling that I have ascertained that the total amount of forty-five hundred dollars is unreasonable. I am adopting the position, both of counsel in this case and of the witness, that forty-five hundred dollar attorney's fees in total is a reasonable amount. But not reasonable as to Scharbach, on the information that I have. I'll change the decree."

It appears that the trial court rejected the claim for two reasons: (1) the affidavit was not a "detailed statement" as required by ORCP 68C(4)(a)(i); and (2) the evidence at the hearing did not prove the reasonableness of the fee as to Scharbach.

The contractual provision providing for attorney fees, *supra* n 2, provides that the prevailing party "shall" be entitled to reasonable attorney's fees. In *Jensen v. Miller,* 280 Or 225, 232, 570 P2d 375 (1977), an action to reform a land sale contract and a deed, the court affirmed an award of attorney fees to the prevailing party. The court stated: "The awarding of attorney fees pursuant to contractual provisions

---

[3] One of the plaintiffs also testified that in his opinion the fee was reasonable. No other evidence was offered.

[4] Plaintiffs did not seek to amend or supplement their affidavit until the eve of the hearing. See ORCP 68C(4)(b).

is made mandatory by statute, ORS 20.096." However, the *amount* of the fee is discretionary. *See U.S. Natural Resources, Inc. v. Gray,* 66 Or App 769, 773, 676 P2d 912 (1984).

■. Attorney fees are the "reasonable value of legal services related to the prosecution or defense of an action." ORCP 68A. A party entitled to reasonable attorney fees must serve a verified and "detailed" statement of the amount of the attorney fees. ORCP 68C(4)(a)(i). When timely objections are made, a hearing is held and the "[p]arties shall be given a reasonable opportunity to present evidence and affidavits relevant to any factual issues." ORCP 68C(4)(c). The practical effect of an objection as to reasonableness requires the prevailing party to prove the reasonableness of the claim set forth in the detailed statement.

■. The affidavit in support of the attorney fees provides in pertinent part:

"I have to the time of this summary judgment expended 43 hours on the case devoted to interviews of the clients and other parties involved in the case as well as telephone calls and correspondence, review of the pleadings, Court appearance and usual routine matters attendant to a foreclosure. The amount of time expended thus far was necessarily expended in this foreclosure action and I expect another 5 hours of time or more will be necessarily expended in the future on subsequent matters including redemption or a motion and final decree. I believe that $90.00 per hour is a reasonable hourly fee for such work and the sum of $4,500.00 is a reasonable attorneys fee to be awarded to the plaintiffs for my services in this matter."

The expert witness based his opinion of the reasonable value of the legal services on the affidavit.

"Q. Did you have an opportunity to review any sort of itemization of the hours that he spent on this case?

"A. I reviewed nothing other than his affidavit with reference to the issues of the hours he spent."

Plaintiffs argue that the affidavit, coupled with the testimony, satisfies ORCP 68C(4)(a)(i). Assuming that the "detailed statement" requirements of the rule can be satisfied by supplementing the affidavit with evidence at the hearing, we hold that the affidavit and the evidence do not constitute a detailed statement of reasonable attorney fees as contemplated by the rule.

The adjective "detailed" means "marked by abundant detail or by thoroughness in treating small items or parts." *Webster's Third New International Dictionary* 616 (unabridged 1976). The verb "detail" means "to enumerate minutely, particularize." *Black's Law Dictionary* 535 (4th ed 1951).

■     The affidavit does not itemize or particularize the services rendered and the time devoted to the services. The opinion of the expert is only as good as the information upon which the opinion is based. In this case, the expert's opinion did not help to "detail" the claim for attorney's fees. Neither did the testimony assist the trial court in determining what services were rendered and if those services were reasonable.

In the context of a petition for attorney fees on appeal, we observed in *State v. Grandy,* 52 Or App 15, 19, 627 P2d 895 (1981):

> "A mere summation and totaling of hours spent on a case will not suffice to support a petition for [reasonable] attorney fees."

The point is that a party claiming a reasonable attorney fee must satisfy the court of the reasonable value of the legal services that relate to the action. ORCP 68A(1). To do that, a detailed statement must be furnished and if it is objected to on the grounds of unreasonableness, then proof of reasonableness is required. In this case, there is no detailed statement or proof of reasonableness.

Affirmed.