Argued and submitted May 17, affirmed July 26, reconsideration denied October 13, petition for review denied November 30, 1989 (308 Or 593)

ORENDAIN,
dba San Ysidro Realty,
*Appellant,*

*v.*

MEYER SQUARE LTD.,
*Respondent.*

(A8602-00692; CA A48633 (Control))

SAN YSIDRO ASSOCIATES, III, et al,
*Appellants,*

*v.*

HERMITAGE LTD.,
*Respondent.*

(A8603-01413; CA A48634)

SAN YSIDRO ASSOCIATES, III, et al,
*Appellants,*

*v.*

SPRING MOUNTAIN LTD.,
*Respondent.*

(A8603-01731; CA A48635)

CAMBRIDGE EAST, LTD.,
*Respondent,*

*v.*

SAN YSIDRO ASSOCIATES, III, et al,
*Appellants.*

(A8608-04746; CA A48636)
(Cases Consolidated)

776 P2d 1309

Timothy R. Volpert, Portland, argued the cause for appellants. With him on the briefs were Gregory W. Byrne and Byrne & Barrow, Phillip C. Querin, Peter A. Sergienko and Ragen, Tremaine, Krieger, Schmeer & Neill, Portland.

Paul R. Meyer, Portland, argued the cause for respondents. With him on the brief were Paul R. Meyer, P.C., Scott C. Wyse and Meyer, Habernigg & Wyse, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The parties in these four consolidated actions are the buyers and the assignees of the sellers' interests (sellers) under four land sale contracts. In three of the actions, sellers are the plaintiffs and seek strict foreclosure, based on buyers' alleged untimely or otherwise noncomplying payments of purchase price installments. Buyers counterclaimed for specific performance and for intentional interference with a contract in those actions. In the fourth case, the buyer is the plaintiff and seeks the same relief that buyers seek in their counterclaims in the other actions; the seller seeks a declaration that the buyer is in default for breach of the payment provisions. The trial court denied relief on all of the claims and counterclaims, and sellers appeal.

**1.** Sellers contend in four of their assignments that the trial court erred in finding that buyers were not in default. We agree with the trial court, and no lengthy discussion is warranted. We note only that most of the purported defaults arose out of sellers' refusals to accept contractually sufficient payments or out of their unsatisfied demands that buyers tender payment in a manner that the contracts do not require.

**2.** Sellers' remaining assignments challenge the trial court's awards of attorney fees under the contractual attorney fee provisions. They first argue that, because all of the parties prevailed on the others' claims and counterclaims, there were no prevailing parties. We disagree with sellers, *see Pelett v. Welch,* 71 Or App 761, 694 P2d 574 (1985), and we agree with the trial court that buyers prevailed.

**3.** Sellers also contend that the court erred "in basing its award * * * on an attorney fee statement that failed to separate services rendered in defense of the foreclosure suits from services rendered in pursuit of unsuccessful tort claims." We agree that, under the attorney fee provisions, buyers may recover only their attorney fees incurred in litigation concerning the contracts. *See King v. Talcott,* 80 Or App 701, 723 P2d 1058, *rev den* 302 Or 158 (1986).

Buyers argue:

"When a case involves multiple claims, the legal services provided as to each claim will usually overlap and be mixed

together particularly where the same factual background pertains to each claim. If it becomes necessary to allocate legal services between claims, it is necessarily a matter of judgment how that allocation should be made."

They conclude that that judgment must be exercised by the trial court, as part of its discretion in awarding attorney fees, and that the evidence at the hearing on attorney fees, together with buyers' attorneys' statement of services, enabled the court to make any necessary allocation.

Sellers contend that failure to segregate the services for the different claims in the statement itself "is fatal to [buyers'] attorney's fee petition." They rely principally on *Valley Inland Pac. Constructors v. Clack. Water Dist.*, 43 Or App 527, 603 P2d 1381 (1979), and *Parker v. Scharbach*, 75 Or App 530, 707 P2d 85 (1985). In *Valley Inland*, we held that the third-party plaintiff failed to prove what aspects of the plaintiff's claim against it came within the indemnity provision in the contract between the third-party plaintiff and the third-party defendant. In other words, the question was the adequacy of the proof of indemnity damages, which happened to include attorney fees incurred in the underlying action. There is no similarity between that question and the question under ORCP 68 presented here.

In *Parker v. Scharbach, supra,* we held that attorney fees could not be allowed in the absence of a "detailed statement" of fees and services, as required by ORCP 68C(4)(a)(i). The statement presented by buyers is very detailed in those respects. As sellers argue, it does not break the fees and services down according to the various claims. However, the descriptions of many of the services provide a sufficient basis for identifying whether they related to the contract or tort claims.

4.      Moreover, buyers' attorney testified at the hearing that the time spent on the non-contractual issues was inconsequential. He stated, for example, that he gave them "as much time and attention as [$12,000] represented to [$6,000,000]." In *Parker v. Scharbach, supra,* we left open the question of whether any lack of specificity or detail in the written documents filed under ORCP 68 may be remedied by the evidence presented at a hearing on attorney fees. We now conclude that the answer is yes. ORCP 68C(4)(c) provides:

"Upon service and filing of timely objections, the court, without a jury, shall hear and determine all issues of law or fact raised by the statement and objections. Parties shall be given a reasonable opportunity to present evidence and affidavits relevant to any factual issues."

If the evidence is received, perforce it may be considered for what it tends to prove.[1] Although not overwhelming, buyers' evidence was enough, when viewed together with the statement of fees and services, to permit the trial court to determine whether to make an allocation and what allocation to make.

Affirmed.

---

[1] We do not imply that trial courts must receive evidence to supply detail that is totally lacking in a statement. We also do not suggest that, if an item-by-item *post hoc* curative effort is necessary, it is likely to be successful. *See Parker v. Scharbach, supra.*