Argued and submitted May 11, appeal dismissed August 2, appellant's petition for reconsideration filed August 16 allowed by opinion October 11, 2006
See 208 Or App 606, 145 P3d 312 (2006)

Kevin RUSSELL,
*Appellant,*

*v.*

NIKON, INC.,
*Respondent,*

*and*

TRI-STATE CAMERA AND COMPUTER, INC.,
*Defendant.*

0401-00739; A128730

140 P3d 1179

Kurt A. Rohlfs argued the cause for appellant. With him on the briefs was Chernoff Vilhauer McClung & Stenzel.

Eugene J. Derrick filed the brief for respondent.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

ROSENBLUM, J.

## ROSENBLUM, J.

This is an appeal from a judgment entered by the trial court after court-annexed arbitration, under ORS 36.400 to 36.425, of plaintiff's claims against defendant Nikon, Inc.[1] The arbitrator ruled in defendant's favor on the merits of plaintiff's claims and awarded defendant costs and attorney fees. Plaintiff filed exceptions in the trial court, arguing that the award of attorney fees was erroneous because defendant did not submit a sufficiently detailed fee statement pursuant to ORCP 68; the statement did not itemize the services provided by defendant's counsel. Defendant conceded that its fee statement did not meet the requirements of ORCP 68, but it contended that the arbitrator was not required to follow the procedures prescribed in that rule. The trial court denied plaintiff's exceptions. On appeal, the parties renew the arguments that they made to the trial court. We conclude that the record is inadequate to allow review and therefore dismiss the appeal.

The parties' arguments in this case center on whether ORCP 68 applied to the proceedings before the arbitrator. As defendant notes, we have previously held that ORCP 68 does not apply to court-annexed arbitration proceedings. *See Foust v. American Standard Ins. Co.*, 189 Or App 125, 135, 74 P3d 1111 (2003). Plaintiff argues that our holding was limited and that the facts of this case distinguish it from *Foust*. We need not consider plaintiff's argument because, assuming, without deciding, that ORCP 68 does apply to this case, on the record before us, we cannot say whether the arbitrator erred in awarding defendant attorney fees and, therefore, whether the trial court erred in including attorney fees in the judgment. *See* ORS 19.415(2) ("No judgment shall be reversed or modified except for error substantially affecting the rights of a party.").

■       Plaintiff's reliance on ORCP 68 stems from an erroneous premise—namely, that, as a matter of law, an insufficiently detailed ORCP 68 statement is fatal to a claim for

---

[1] Plaintiff obtained a default judgment against defendant Tri-State Camera and Computer, Inc., before the case was referred to arbitration. All references to "defendant" in this opinion refer to defendant Nikon, Inc., only.

attorney fees. It is true that, by itself, a deficient attorney fee statement will not support a claim for fees. *See Parker v. Scharbach*, 75 Or App 530, 535, 707 P2d 85 (1985) (" 'A mere summation and totaling of hours spent on a case will not suffice to support a petition for [reasonable] attorney fees.' " (quoting *State v. Grandy*, 52 Or App 15, 19, 627 P2d 895 (1981)) (brackets in *Parker*)). However, a "lack of specificity or detail in the written documents filed under ORCP 68 may be remedied by the evidence presented at a hearing on attorney fees." *Orendain v. Meyer Square Ltd.*, 97 Or App 608, 612, 776 P2d 1309, *rev den*, 308 Or 593 (1989). Thus, an inadequate fee statement does not preclude an award of attorney fees if other evidence that supports the reasonableness of the award is presented at the hearing. Put differently, an award of attorney fees is erroneous as a matter of law only if there is no evidence other than an inadequate fee statement to support the award.

■     For plaintiff to prevail in this appeal, he must show both that defendant's attorney fee statement was deficient—a fact that defendant concedes—and that no other evidence supported the arbitrator's determination that the attorney fees it awarded were reasonable. We are unable to determine whether there was such evidence.

In their briefs on appeal, the parties assert that the arbitrator held a hearing on defendant's request for attorney fees. That hearing apparently was not recorded; there is no transcript in the record. In the absence of a transcript, we cannot determine what took place at the attorney fee hearing.[2] *See Arden-Mayfair v. Patterson*, 46 Or App 849, 857, 613 P2d 1062, *rev den*, 290 Or 149 (1980), *overruled on other grounds as recognized by Strader v. Grange Mutual Ins. Co.*, 179 Or App 329, 339, 39 P3d 903, *rev den*, 334 Or 190 (2002) (appellate courts may not consider material not contained in the record below). Consequently, we cannot say that the lack of detail in defendant's attorney fee statement precluded the arbitrator from awarding fees.

---

[2] ORS 19.380 and ORAP 3.45 provide that parties may submit an "agreed narrative statement" in lieu of a transcript, but the parties have not done so.

As the appellant, plaintiff has the responsibility to furnish this court with a record of the attorney fee hearing. In *Foust*, we explained that

> "[t]he burden of creating and providing a record rests with the party seeking to alter the decision. *Cf. H.N.M. Enterprises, Inc. v. Hamilton*, 49 Or App 613, 617, 621 P2d 57 (1980), *rev den*, 290 Or 449 (1981) ('An appellant has the responsibility of providing a sufficient record for review of the claims of error. If the record is insufficient for review, the unreviewable claims of error will be disregarded.'). Responsibility for the failure to create a record of [an] arbitration hearing and make it part of the trial court record rests on [the appellant's] shoulders."

189 Or App at 135 n 8.

ORS 19.365(5) provides, "If the record on appeal is not sufficient to allow the appellate court to review an assignment of error, the court may decline to review the assignment of error and may dismiss the appeal if there are no other assignments of error that may be reviewed." Given the state of the record, we decline to review plaintiff's lone assignment of error.

Appeal dismissed.