On appellant's petition for reconsideration filed August 16, reconsideration allowed; former opinion (207 Or App 266, 140 P3d 1179) clarified and adhered to as clarified October 11, 2006, petition for review denied January 23, 2007 (342 Or 299)

Kevin RUSSELL,
*Appellant,*

*v.*

NIKON, INC.,
*Respondent,*
*and*

TRI-STATE CAMERA AND COMPUTER, INC.,
*Defendant.*

0401-00739; A128730

145 P3d 312

Kurt Rohlfs and Chernoff Vilhauer McClung & Stenzel for petition.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

ROSENBLUM, J.

**ROSENBLUM, J.**

Plaintiff petitions for reconsideration of our opinion in *Russell v. Nikon*, 207 Or App 266, 140 P3d 1179 (2006), in which we dismissed plaintiff's appeal on the ground that the record was not sufficiently developed to allow us to review his lone assignment of error. We allow the petition for reconsideration, clarify our decision, and adhere to it as clarified.

Plaintiff appealed from a judgment entered following court-annexed arbitration in which the arbitrator ruled in defendant's favor on the merits and awarded defendant costs and attorney fees. Plaintiff filed exceptions in the trial court, arguing that the award of attorney fees was erroneous because defendant did not submit a sufficiently detailed fee statement pursuant to ORCP 68 C(4)(a)(i). The trial court denied plaintiff's exceptions, and plaintiff appealed, assigning error to the award of attorney fees. Part of the parties' dispute centered on whether ORCP 68 C applies in court-annexed arbitration proceedings. We dismissed the appeal without reaching that issue. We concluded that, even if ORCP 68 applies, subsection C(4)(c)(i) of the rule permitted defendant to remedy the deficiencies in its attorney fee statement with evidence presented at the hearing on the attorney fee claim. Because that hearing was not recorded, we were unable to determine whether defendant had presented any such evidence. We noted that plaintiff, as the appellant, had the responsibility to furnish this court with a record of the hearing. Because he did not do so, we dismissed the appeal as unreviewable.

In his petition for reconsideration, plaintiff argues that we erred in several respects. We write to address some of his arguments and reject the others without discussion. We first address plaintiff's challenge to our reliance on our opinion in *Orendain v. Meyer Square Ltd.*, 97 Or App 608, 776 P2d 1309, *rev den*, 303 Or 593 (1989). He argues that our holding in that case does not go as far as we indicated in our first opinion in this case. In *Orendain*, the claimants prevailed in contractual claims, for which attorney fees were authorized, as well as other claims for which fees were not authorized. The claimants filed an attorney fee statement

that was "very detailed" with respect to fees charged and the services rendered but that did not break down the fees and services according to the various claims. *Id.* at 612. We held that the trial court had authority under ORCP 68 C(4)(c) to receive evidence regarding the proper allocation of attorney fees. In a footnote, we cautioned that we were not implying "that trial courts must receive evidence to supply detail that is totally lacking in [an attorney fee] statement." *Id.* at 613 n 1.

■ Plaintiff argues that, under *Orendain*, a trial court— or, as in this case, an arbitrator—may accept evidence that is necessary to provide "needed details unique to the particular case," but not to remedy statements that are "totally lacking" in detail. We do not agree that *Orendain* stands for that proposition. We said in that case that we were not implying that courts *must* receive evidence in such circumstances. We did not go so far as to say that courts *may not* receive such evidence. On the contrary, ORCP 68 C(4)(c)(i) provides, "The parties shall be given a *reasonable* opportunity to present affidavits, declarations and other evidence relevant to *any* factual issue * * *." (Emphasis added.) Whether to allow such evidence is a matter for the trial court's or the arbitrator's discretion.

Plaintiff next asserts that our decision is inconsistent with *Parker v. Scharbach*, 75 Or App 530, 707 P2d 85 (1985). We do not agree that the two opinions are inconsistent, but we acknowledge that our prior opinion in this case could be misleading in one respect. We stated that

"an inadequate fee statement does not preclude an award of attorney fees if other evidence that supports the reasonableness of the award is presented at the hearing. Put differently, an award of attorney fees is erroneous as a matter of law only if there is no evidence other than an inadequate fee statement to support the award.

"For plaintiff to prevail in this appeal, he must show both that defendant's attorney fee statement was deficient—a fact that defendant concedes—and that no other evidence supported the arbitrator's determination that the attorney fees it awarded were reasonable."

*Russell*, 207 Or App at 269.

As plaintiff points out, in *Parker*, we distinguished between evidence addressing the reasonableness of claimed attorney fees and evidence furnishing the details that ordinarily appear in an attorney fee statement. The claimant in *Parker* had filed a fee statement that did not properly itemize the services rendered. At the hearing on the claim, he offered the testimony of an expert witness who stated that the fees requested were reasonable in view of the hours expended; the witness conceded, however, that he had not reviewed any sort of itemization of the hours and, in fact, had reviewed only the affidavit that accompanied the fee statement. We held that the expert's opinion did not remedy the deficient fee statement because it did not help to "detail" the claim for fees. We also held that, because "[t]he opinion of the expert is only as good as the information upon which the opinion is based," his testimony did not "assist the trial court in determining what services were rendered and if those services were reasonable." 75 Or App at 535.

■　　It follows that evidence of "reasonableness" can remedy a deficient attorney fee statement only if that evidence furnishes the details that are missing from the fee statement. Evidence of reasonableness that lacks those details cannot, by itself, support an award of attorney fees. To the extent that our former opinion in this case may have suggested that such evidence could be sufficient, we now clarify that point.

Plaintiff also challenges our assertion that we were unable to determine from the record whether defendant offered sufficient evidence at the attorney fee hearing to remedy the deficient attorney fee statement. He argues that defendant "conceded all factual matters relevant to this appeal," including the fact that "the requisite missing detail of the statement was not supplied at the [attorney fee] hearing * * *." We disagree with plaintiff's characterization of defendant's concession and with his conclusion as to the effect of that concession. Defendant did not concede that the missing details were not furnished. It conceded that, at the hearing, it twice offered to fax a copy of a more detailed fee statement to plaintiff and the arbitrator. The parties differ as to what happened next. According to defendant, its offers were "met with silence." According to plaintiff, he argued to the arbitrator that "a submission at such a late hour would

prejudice [his] ability to review the statement for the reasonability and necessity of each item detailed." Defendant responded that plaintiff made that assertion for the first time on appeal, that plaintiff "does not identify who he noted this to," and that defendant "has no recollection of it being mentioned at the [attorney fee] hearing."

■    That exchange exemplifies the problem with the record in this case and why we declined to rely on assertions made by the parties in their trial court filings and briefs on appeal as a substitute for a proper transcript of the attorney fee hearing. On reconsideration, we adhere to that decision. Given the dispute over what actually happened at the hearing regarding the provision of additional details, without a transcript or an "agreed narrative statement," ORS 19.380; ORAP 3.45, we are unable to say with confidence that we know what took place.

Again, plaintiff bore the burden of providing an adequate record for review of his claim of error. *H.N.M. Enterprises, Inc. v. Hamilton,* 49 Or App 613, 617, 621 P2d 57 (1980), *rev den,* 290 Or 449 (1981). As we said before, responsibility for the failure to do that rests on his shoulders.

Reconsideration allowed; former opinion clarified and adhered to as clarified.