## Ray DRAYTON,
*Petitioner,*

*v.*

## DEPARTMENT OF TRANSPORTATION,
*Respondent.*

74385, 85901, 86367;
A113350 (Control), A113351, A113352
(Cases Consolidated)

149 P3d 331

Russell L. Baldwin for petitioner.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

This case returns to us on remand from the Supreme Court for reconsideration in light of *Outdoor Media Dimensions v. Dept. of Transportation*, 340 Or 275, 132 P3d 5 (2006). At issue are orders by the Oregon Department of Transportation (department) requiring petitioner to remove six outdoor advertising signs that the department concluded do not comply with the Oregon Motorist Information Act (OMIA). In our original opinion, we reversed and remanded for reconsideration the department's orders with respect to three of the signs, and affirmed the department's orders with respect to the other three signs. *Drayton v. Dept. of Transportation*, 186 Or App 1, 62 P3d 430 (2003). In *Outdoor Media Dimensions*, the Supreme Court held that certain provisions of the OMIA are unconstitutional. On reconsideration in light of *Outdoor Media Dimensions*, we again reverse and remand for reconsideration with respect to three of the signs, but now reverse the department's order with respect to the remaining three.

As we explained in our original opinion, the OMIA prohibits erecting or maintaining, without a permit, "outdoor advertising signs" that are visible to the traveling public from a state highway. ORS 377.715. An "outdoor advertising sign" is one that advertises:

"(a)  Goods, products or services which are not sold, manufactured or distributed on or from the premises on which the sign is located;

"(b)  Facilities not located on the premises on which the sign is located; or

"(c)  Activities not conducted on the premises on which the sign is located."

ORS 377.710(23). Signs advertising goods and services that are available on the premises are not subject to permit and fee requirements. ORS 377.735(1)(c). Under the OMIA, therefore, signs that advertise "off-premise" goods and services are subject to permit and fee requirements, while "on-premise" signs are not. The department is authorized to

enforce the OMIA and, in particular, to issue permits to qual-ifying signs and to order the removal of noncomplying signs. ORS 377.775.

At issue in this case are six signs owned by petitioner and located on Highway 101 near Lincoln City: at milepoints 112.40, 112.42, and 112.46, signs advertising petitioner's excavating business, "Ray Drayton Excavating"; at milepoint 112.45, a sign advertising "Ashley Inn Suites"; at milepoint 114.41, a sign advertising "Mo's Restaurant"; and at mile-point 118.43, a sign bearing the words "WELCOME TO LINCOLN CITY-SEE OUR MANY URBAN RENEWEL [sic] PROJECTS UNDER WAY CITY WIDE."

In 2000, the department sent notices to petitioner that all six signs were unpermitted "outdoor advertising signs" visible from the state highway in violation of the OMIA. Petitioner objected, arguing, among other things, that the department had failed to adequately specify which stat-utes and administrative rules petitioner had violated and that the OMIA is unconstitutional. Rejecting petitioner's arguments, the department issued final orders concluding that each of petitioner's signs violated the OMIA and order-ing the signs' removal. The department specifically con-cluded that each of the signs qualified as an "outdoor adver-tising sign" within the meaning of the OMIA and that the signs were in violation of the OMIA because petitioner had erected and maintained them without obtaining the required permits.

Petitioner sought review of those orders in this court. Petitioner challenged the orders on a variety of grounds, arguing that the department had failed to give the required notice, that the department's determination that the signs qualified as "outdoor advertising signs" was mis-taken, and that the OMIA was unconstitutional under Arti-cle I, section 8, of the Oregon Constitution.

We concluded that, with respect to three of the signs—those at milepoints 112.40, 112.42, and 112.46 adver-tising petitioner's excavation business—the department had failed to provide notice as required under ORS 183.415 of the administrative rules that were the basis for its conclusion that those signs violated the OMIA. *Drayton*, 186 Or App at

12-13. With respect to the remaining three signs, however, we affirmed the decision of the department that the signs were in violation of the OMIA. *Id.* at 14-17. We reasoned that the department had correctly determined that the signs were outdoor advertising signs and that any subsequent changes petitioner had made to the signs had not brought them into compliance with the OMIA. *Id.* We also rejected petitioner's constitutional challenge to the OMIA. *Id.* at 17.

Meanwhile, the Supreme Court decided *Outdoor Media Dimensions*. In that case, the Supreme Court concluded that the OMIA's different treatment of on-premises and off-premises signs was an unconstitutional restriction on the content of speech in violation of Article I, section 8, of the Oregon Constitution. The court further concluded that the appropriate remedy in light of that constitutional infirmity was to strike from the OMIA the permit and fee requirements for outdoor advertising signs, ORS 377.725(1). The court then vacated our decision in this case and remanded it to us for reconsideration in light of its decision in *Outdoor Media Dimensions*.

We turn, then, to a reconsideration of our decision in this case. Our original decision to reverse the department's orders with respect to the signs at milepoints 112.40, 112.42, and 112.46 was based on the failure of the department to provide adequate notice to petitioner. That holding is unaffected by the Supreme Court's decision in *Outdoor Media Dimensions*. As a result, we need not revisit our analysis with respect to those signs. On reconsideration, we again reverse and remand for reconsideration as to the signs at milepoints 112.40, 112.42, and 112.46.

Our original decision, however, also affirmed the department's final orders with respect to the remaining three signs—at milepoints 112.45, 114.41, and 118.43. That part of our decision must be reversed. With respect to each of those signs, the department predicated its determination that the signs were unlawful on its conclusions that (1) each of the signs was an "outdoor advertising sign" within the meaning of the OMIA because it advertised goods and services that were located off the premises, and (2) petitioner had erected and maintained the signs without obtaining the permits

required by the OMIA for such signs. In *Outdoor Media Dimensions*, the Supreme Court struck down the permitting requirements for "outdoor advertising signs" that formed the basis for the department's conclusion that petitioner's signs were unlawful. Consequently, we now conclude that, under *Outdoor Media Dimensions*, the department erred in concluding that petitioner was required to obtain such permits.

Final orders in A113351 (Case No. 85901) and A113352 (Case No. 86367) reversed and remanded for reconsideration as to signs at milepoints 112.40, 112.42, and 112.46; final orders in A113350 (Case No. 74385), A113351(Case No. 85901), and A113352 (Case No. 86367) reversed as to signs at milepoints 112.45, 114.41, and 118.43.