PER CURIAM
*284 Plaintiff appeals a judgment of dismissal of his declaratory relief action that he brought against the state. Plaintiff sought a declaration that, when the Board of Parole and Post-Prison Supervision "unsummed" the matrix ranges on his consecutive terms of imprisonment to establish plaintiff's prison term, it had the effect of changing his sentences from consecutive sentences to concurrent sentences. See ORS 144.783(2) (1987)
*533 ("The duration of imprisonment pursuant to consecutive sentences may be less than the sum of the terms under subsection (1) of this section if the board finds, by affirmative vote of at least four of its members that consecutive sentences are not appropriate penalties for the criminal offenses involved and that the combined terms of imprisonment are not necessary to protect community security.").
On the state's motion for summary judgment, the trial court concluded that, although ORS 144.783 (1987) allows the board to treat consecutive sentences concurrently for purposes of establishing a parole release date, the statute "does not allow the Board to convert the circuit court's original consecutive sentences to concurrent sentences." The trial court then granted summary judgment to the state and entered a judgment of dismissal with prejudice. We reject without further discussion plaintiff's assignments of error on appeal addressing the merits of his case. We write only to correct the disposition of the trial court in entering a judgment of dismissal.
Dismissal is not the appropriate disposition when a trial court rules on the merits of a declaratory judgment action. Rather, the trial court should enter a judgment that declares the parties' respective rights. See, e.g. , Chernaik v. Brown , 295 Or. App. 584, 601, 436 P.3d 26 (2019), rev. allowed , 364 Or. 849, 442 P.3d 1119 (2019) ; Doe v. Medford School Dist. 549C , 232 Or. App. 38, 46, 221 P.3d 787 (2009) ("When the dismissal of a declaratory judgment action was clearly based on a determination of the merits of the claim, however, our practice has been to review that determination as a matter of law and then remand for the issuance of a judgment that declares the rights of the parties in accordance with our review of the *285 merits."). Accordingly, we vacate and remand for entry of a judgment that includes a declaration of the parties' rights.
Vacated and remanded.