Submitted November 29, 2018, affirmed November 14, 2019

David DE LANOY,
*Plaintiff-Respondent,*

*v.*

Katelin J. TAYLOR,
*Defendant-Appellant.*

Marion County Circuit Court
16CV24141; A164942

452 P3d 1036

In this dispute over a dog, plaintiff filed a claim for replevin, and defendant filed a counterclaim for a declaratory judgment. Before trial, defendant challenged the procedural propriety of the replevin claim and asked the trial court to proceed only on the declaratory judgment claim. Without clearly ruling on that issue, the court proceeded to a bench trial. After trial, the court declared plaintiff to be the lawful owner of the dog, and it entered a judgment ordering defendant to return the dog to plaintiff. Defendant appeals, asserting that plaintiff's replevin claim was procedurally defective. *Held*: Because the trial court ruled in plaintiff's favor on defendant's declaratory judgment claim, and defendant has not assigned error to that ruling, the procedural propriety of the replevin claim does not affect the disposition of the case, even assuming that the trial court implicitly denied defendant's challenge to the replevin claim.

Affirmed.

Thomas M. Hart, Judge.

Geordie Duckler filed the briefs for appellant.

Paul B. Meadowbrook filed the brief for respondent.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

This is a dispute about a dog, specifically a female whippet named Isis. Plaintiff adopted Isis from the Oregon Humane Society in April 2013, when she was two months old. Isis lived with plaintiff and his family in Portland until approximately summer 2014, when they moved to Florida on short notice. Plaintiff asked his longtime best friend, Rich, who lived in Portland, to keep Isis until plaintiff got settled in Florida. Rich agreed. Plaintiff and Rich understood that Rich was taking care of Isis for plaintiff, who continued to be her owner, and that plaintiff would eventually return for her. Defendant, who is Rich's ex-girlfriend, had a different understanding. In her view, Isis belonged to Rich, Rich abandoned Isis, and Isis thereby became defendant's property.

In July 2016, plaintiff filed an action for replevin against defendant. Plaintiff asserted that he was the rightful owner of Isis and requested her immediate return. Plaintiff had difficulty locating defendant to serve the complaint but eventually, in December 2016, succeeded in serving her. In her answer to the complaint, defendant denied the allegations, raised various affirmative defenses, and pled two counterclaims. Only the first counterclaim—for a declaratory judgment—is relevant here. Defendant alleged, in support of her counterclaim, that plaintiff had gifted the dog to Rich, who abandoned the dog, at which time defendant became its lawful owner. Defendant requested a declaration that she was the "true sole owner" of the dog and that she was entitled, among other things, to physical possession of the dog.

The court held a bench trial in May. At the start of the trial, defendant challenged the procedural propriety of plaintiff's replevin claim and argued that her own declaratory-judgment counterclaim was the only claim properly before the court. Plaintiff disagreed with defendant's procedural argument but also questioned whether it mattered given that the court would have to decide the counterclaim in any event: "[A]t the end of the day, does it really matter, because if you decide ownership of the dog under the dec[laratory] action, and if you decide that she doesn't own the dog and

he does, then the process would be to get the dog back." The court did not directly address the procedural issue regarding the replevin claim, stating only, "Why don't we just do the facts. And I'll figure out who is going to get the dog."

The sole subject of the trial was who lawfully owned the dog. Plaintiff argued and put on evidence that he was the lawful owner, which included both plaintiff and Rich testifying that the dog had always belonged to plaintiff and that Rich was only watching the dog for plaintiff until he got settled in Florida. Conversely, defendant argued and put on evidence that she was the lawful owner, based on her theory that the dog belonged to Rich and that Rich had abandoned the dog to her care while she and Rich were dating.

The trial court found in plaintiff's favor. It explained that the evidence was insufficient to establish that plaintiff had gifted the dog to Rich or had abandoned the dog in the legal sense. As such, the court ruled, the dog remained the legal property of plaintiff. The court concluded, "The declaration is that [plaintiff] has a higher legal right[.] *** And so I'm declaring that the owner is still the owner, [plaintiff,] even though [defendant] might think he's a piece of work." The court told plaintiff "[y]ou win" and directed plaintiff to draft an order for the court.

Defendant appeals, raising a single assignment of error, in which she again challenges the procedural propriety of the replevin claim. Specifically, defendant asserts that the trial court erred "by granting replevin to plaintiff on his sole claim of replevin where no replevin petition was filed under ORCP 83 A, no bond was posted under ORCP 82 A(4), and no provisional process hearing was held in compliance with the civil procedures governing the remedy of replevin." The gravamen of defendant's argument is that, under modern law, the only way to obtain replevin is to follow the procedures in ORCP 83 A, which plaintiff did not do.

Defendant's assignment of error is not well-founded. As a preliminary matter, defendant has not identified the *ruling* to which she assigns error. *See* ORAP 5.45(3) (requiring appellant to "identify precisely" the ruling that is being challenged). That is problematic because it is not clear on

this record whether the trial court ever actually ruled on the procedural issue raised by defendant, even implicitly, or, if it did, that it necessarily ruled against her. Defendant's non-compliance with ORAP 5.45(3) is therefore an impediment to her arguments on appeal.

However, even assuming that the trial court rejected defendant's challenge to the procedural propriety of the replevin claim, she cannot prevail. Defendant argues that the replevin claim was "moot" once trial began and that "the only issue before the Court should have been defendant's properly alleged and presented counterclaim for declaratory relief." But, in so arguing, defendant herself fails to appreciate the significance of the counterclaim. After hearing the evidence, the court orally declared plaintiff to be the lawful owner of the dog. It then directed the physical possession of the dog to be transferred to plaintiff.[1] That was an appropriate disposition of the declaratory judgment counterclaim because, even when only one party asks for a declaration, it is incumbent on the court to declare the respective rights of the parties. *See Akles v. State of Oregon*, 298 Or App 283, 284, 444 P3d 532 (2019) (when a trial court decides a declaratory judgment claim on the merits, it is to "declare[] the parties' respective rights," whether the plaintiff or the defendant prevails). The court did not expressly mention the replevin claim, but, even if the court made the same ruling on both claims, the two claims, as tried in this case by these parties, were simply two different procedural vehicles to get the same issue before the court: who lawfully owns the dog and is entitled to physical possession of the dog.

Thus, in order to prevail on appeal and get the judgment reversed, defendant would have to persuade us that the court erred in its disposition of *both* claims, not only the replevin claim. *Cf. Strawn v. Farmers Ins. Co.*, 350 Or 336, 366, 258 P3d 1199, *adh'd to on recons*, 350 Or 521, 256 P3d 100 (2011) ("[W]hen a court's decision or ruling is premised

---

[1] The written judgment enters "verdict in favor of plaintiff and against defendant" and orders defendant to return the dog to plaintiff by a date certain. Although it does not expressly "declare" the ownership of the dog, or separately address the replevin claim and the declaratory judgment counterclaim, there is no conflict between the oral ruling and the judgment, and no one has raised any concerns about the form of the judgment.

on alternative grounds, a party challenging that ruling generally must take issue with all independent and alternative grounds on which it is based to obtain relief."). But defendant does not challenge the disposition of the declaratory judgment counterclaim, and so we must affirm. That is because, even if we agreed with defendant that the court erroneously proceeded to trial on plaintiff's replevin claim (an issue on which we express no opinion), defendant has identified no error in the trial court's disposition of the declaratory judgment counterclaim in plaintiff's favor.[2]

Accordingly, because the trial court declared plaintiff to be the lawful owner of Isis, and no one has challenged that declaration, we do not reach defendant's arguments about the proper procedure for a replevin claim.

Affirmed.

---

[2] Plaintiff correctly (albeit summarily) identified this issue in his answering brief as "an independent basis for affirming the judgment."