Argued and submitted April 27, 2018, vacated and remanded April 1, 2020

Ray DRAYTON,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON
by and through its
Oregon Department of Transportation,
*Defendant-Respondent.*

Marion County Circuit Court
13C13377; A160508

464 P3d 138

Plaintiff appeals a judgment dismissing his claims seeking damages for inverse condemnation, a declaratory ruling that a sign located within the highway right of way is lawful, and an injunction preventing the state from removing the sign. Plaintiff contends that the state is barred by claim preclusion from asserting that the sign is unlawful and must be removed because of earlier litigation involving permitting requirements for the same sign, in which plaintiff prevailed and the state did not raise the highway right of way issue. *Held*: The state's current effort to enforce the highway right of way and to require removal of a sign that is within the right of way is a not a continuation of the earlier process that the state began in 2003 when it sought to enforce permitting requirements. But even if the state's current assertion is considered to be part of the same transaction as the earlier litigation, claim preclusion does not apply, because the public policy requiring enforcement of and protection of highway rights of way weighs against its application. The trial court therefore did not err in rejecting plaintiff's claims. However, the case is remanded to the trial court for entry of a corrected judgment entering a declaration.

Vacated and remanded.

Courtland Geyer, Judge.

Russell L. Baldwin argued the cause and filed the briefs for appellant.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

ARMSTRONG, P. J.

Vacated and remanded.

**ARMSTRONG, P. J.**

The issue on appeal in this case concerns a sign owned by plaintiff at milepoint 118.43, adjacent to the Oregon Coast Highway, Highway 101. The sign has been a previous subject of litigation. *See Drayton v. Dept. of Transportation*, 186 Or App 1, 62 P3d 430 (2003), *rev'd and rem'd*, 341 Or 244, 142 P3d 72 (2006) (*Drayton I*); *Drayton v. Dept. of Transportation*, 209 Or App 656, 149 P3d 331 (2006) (*Drayton II*). This most recent litigation arises out of an order of the Oregon Department of Transportation (ODOT) requiring plaintiff to remove the sign because it is located within the highway right of way. Plaintiff filed this action, asserting that prior litigation conclusively determined that the sign is on his property and that claim preclusion bars the state from asserting otherwise. Plaintiff seeks a declaration that the sign is lawful and that the state is barred from asserting otherwise. Plaintiff also seeks damages for inverse condemnation. As a counterclaim, the state seeks a declaration that the sign must be removed. On the parties' cross-motions for summary judgment, the trial court denied plaintiff's motion, granted the state's motion, and entered a general judgment dismissing plaintiff's claims and declaring that the sign must be removed.

Plaintiff appeals, asserting that the state is barred from challenging the legality of the sign in any respect and that the trial court therefore erred in granting the state's motion and denying plaintiff's motion. We write only to address plaintiff's contention that prior litigation prevents the state from requiring plaintiff to remove the sign. We conclude that the trial court did not err in denying plaintiff's summary judgment motion, granting the state's motion, and declaring that the sign must be removed, but we remand so that the trial court can enter a judgment on the parties' claims for declaratory judgment. *See Akles v. State of Oregon*, 298 Or App 283, 284, 444 P3d 532 (2019) ("Dismissal is not the appropriate disposition when a trial court rules on the merits of a declaratory judgment action. Rather, the trial court should enter a judgment that declares the parties' respective rights.").

We draw our summary of the legal context and largely undisputed facts from the record on summary

judgment and from our opinions in *Drayton I* and *Drayton II*. Before 2007, the Oregon Motorist Information Act (OMIA) required a permit for "outdoor advertising signs" that advertised activities occurring off the premises on which the signs were located, but it exempted from the permit requirement signs that advertised activities occurring on the premises on which the signs were located. ORS 377.765 (1999); ORS 377.735 (1999). Before 1999, plaintiff erected the disputed sign, which advertises off-premises activities,[1] without first obtaining a permit. ODOT initiated an administrative proceeding, directing plaintiff to either remove the sign or bring it into compliance with Oregon law. Plaintiff requested a hearing, asserting, among other arguments, that the off-premises/on-premises distinction was an unconstitutional restriction on speech under the Oregon Constitution. ODOT mistakenly assumed in that proceeding that the sign was on plaintiff's property and outside of the right of way and offered testimony to that effect.

ODOT's final order rejected plaintiff's constitutional contention and ordered the sign removed. On plaintiff's petition for judicial review, we affirmed ODOT's determination that the sign was unlawful and also rejected plaintiff's constitutional challenge to the OMIA. *Drayton I*, 186 Or App at 17. Plaintiff filed a petition for review in the Supreme Court.

The Supreme Court allowed review in *Drayton I*. But it did not take up the constitutionality of the OMIA in that case. Rather, it took the issue up in *Outdoor Media Dimensions Inc. v. Dept. of Transportation*, 340 Or 275, 132 P3d 5 (2006), in which plaintiff participated as an *amicus*. In *Outdoor Media Dimensions*, the court held that the OMIA's differential treatment of on-premises and off-premises signs was an unconstitutional restriction on the content of speech, in violation of Article I, section 8, of the Oregon Constitution. The constitutional flaw, the court explained, was the restriction on the types of message permitted on off-premises signs: "It permits a sign owner to display one message, but not to display a different message solely because of the content of the message." 340 Or at 298-99. The appropriate remedy,

---

[1] The sign stated: "WELCOME TO LINCOLN CITY—SEE OUR MANY URBAN RENEWEL [*sic*] PROJECTS UNDER WAY CITY WIDE."

the court held, was to strike from the OMIA the permit and fee requirements for off-premises signs.

After *Outdoor Media Dimensions*, the court remanded *Drayton I* to this court. Based on the Supreme Court's determination in *Outdoor Media Dimensions* that no permits could be required under the OMIA for off-premises signs, we reversed ODOT's order holding that plaintiff's sign at milepoint 118.43 was unlawful because no permit had been sought before its construction or maintenance. *Drayton II*, 209 Or App at 661.

In 2007, the legislature amended the OMIA to eliminate the content-based restriction identified in *Outdoor Media Dimensions*. Or Laws 2007, ch 199. Under current law, sign permits are required for signs visible from the state highway if compensation will be exchanged for posting a sign or if the sign is not located at a place of business or location open to the public. ORS 377.710; ORS 377.715. Sign permits are required to be renewed annually. ORS 377.725(5). But, as currently written, except for transit permits, the state no longer issues *new* permits for signs that were not permitted on May 31, 2007. There is an exception for preexisting nonconforming signs that were "lawfully located" as of May 30, 2007. ORS 377.765.

In 2010, ODOT notified plaintiff that he was required to seek a permit for the sign at milepoint 118.43. Then, in 2011, ODOT determined through a survey that the sign was within the highway right-of-way. ODOT therefore discontinued its enforcement proceeding related to sign permitting and directed plaintiff to remove the sign.

Plaintiff did not comply and, in 2013, initiated this action in the circuit court, seeking a declaration that the sign is on his property and is lawful.[2] Plaintiff also sought

---

[2] Plaintiff asked for a declaration

"that plaintiff's sign is entirely compliant with the OMIA as of the date of plaintiff's judgment from the Oregon Supreme Court, that defendant is claim precluded from asserting that its 2007 revisions to the OMIA have any effect on the lawfulness of plaintiff's sign as originally constructed abutting U.S. Highway 101, and that defendant is claim precluded from asserting that plaintiff's sign is anywhere other than on plaintiff's real property, or in the defendant's right of way, because defendant had an opportunity to litigate

damages for inverse condemnation, contending that ODOT's regulatory actions had caused him damages. The state raised multiple affirmative defenses and separately sought a declaration requiring plaintiff to remove the sign.

In the meantime, ODOT issued a final order in September 2014 determining that the sign is within the right of way and requiring plaintiff to remove the sign or the state would remove it pursuant to ORS 366.455 (authorizing ODOT to remove from the highway right of way any sign that is erected or maintained there contrary to law). Plaintiff has not challenged that order. Plaintiff subsequently filed a second amended complaint, on which the case proceeded to summary judgment. Plaintiff sought a declaration that the state is precluded from asserting that his sign is not compliant with Oregon law and asked for damages for the state's harassment of him and inverse condemnation of his land and improvements.

As noted, the trial court granted the state's motion for summary judgment, denied plaintiff's motion, dismissed plaintiff's claims, and ordered plaintiff to remove the sign. On appeal, plaintiff asserts that the trial court erred, contending that claim preclusion bars the state from asserting in this proceeding that the sign is in the right of way, the state having failed to raise that issue in the first administrative proceeding that resolved in plaintiff's favor as a result of the Supreme Court's opinion in *Outdoor Media Dimensions*. Plaintiff notes that ODOT's administrative order, which the Supreme Court overturned in light of *Outdoor Media Dimensions*, 341 Or 244, included the finding that "[t]he sign at milepoint 118.43 is located outside of the highway right of way, but within 660 feet of the nearest edge of the right of way." Also, in *Drayton I*, we described the sign as being on plaintiff's property. 186 Or App at 5 ("Petitioner owns real property in Lincoln City, located on Highway 101. On that property he erected two signs."). Plaintiff contends that the sign's location has thus been conclusively determined in that earlier litigation. He argues that the state's assertion here that the sign is within the right of way could have been, but

the location of plaintiff's sign in earlier case proceedings culminating in final judgments against defendants' interest."

was not, raised in that earlier litigation and that, therefore, claim preclusion prevents the state from asserting it now. As an adjunct to that contention, plaintiff asserts that the sign is preexisting, was "lawfully located" as of May 30, 2007, and is therefore permitted in perpetuity. *See* ORS 377.365 (describing status of preexisting, lawfully located signs).

The state responds that the record on summary judgment shows conclusively that the sign is not on plaintiff's property and is within the highway right of way, in violation of Oregon law. *See* ORS 377.715 ("A person may not erect or maintain a sign on the right of way of a state highway, other than a traffic control sign or device."). The state notes, additionally, that state law compels the removal of the sign. *See* ORS 377.725(10) ("The director [of ODOT] shall require removal of a sign *** if the director finds a sign has been erected, maintained or serviced from the highway right of way.").

In response to plaintiff's preclusion argument, the state acknowledges that, at the time of the earlier litigation, it assumed and did not dispute that the sign was on plaintiff's property. But it asserts that whether the sign was on plaintiff's property was never at issue in that litigation, which ultimately was resolved on constitutional grounds, and that there is no basis for precluding the state from now enforcing the law and requiring the removal of a sign that is within the right of way.

We conclude that the state is correct, and that the trial court did not err in holding that there are no genuine issues of material fact and that the state is entitled to judgment as a matter of law. *See* ORCP 47 C. The record shows conclusively that the sign is within the highway right of way and is not lawfully located. But plaintiff would have us conclude, based on the Supreme Court's opinion in *Outdoor Media Dimensions*, which overturned sign-permitting requirements on constitutional grounds, that the state cannot now enforce statutes prohibiting signs in the right of way.

Although plaintiff says that his contention is based on claim preclusion, what he seeks—a determination that the sign's location has been previously determined to be

lawful—properly depends on issue preclusion. *See Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990) (issue preclusion is a branch of preclusion by former adjudication when an issue of fact or law is actually litigated and determined by a valid and final judgment); *North Clackamas School Dist. v. White*, 305 Or 48, 53, 750 P2d 485, *modified on recons*, 305 Or 468, 752 P2d 1210 (1988) ("If a claim is litigated to final judgment, the decision on the particular issue or determinative fact is conclusive in a later or different action between the same parties if the determination was essential to the judgment.") He contends that the earlier litigation conclusively established the location of the sign. Plaintiff's assertion is not correct. The prior litigation did not make any determination as to the location of the sign. As the state points out, the location of the sign was not in dispute in the earlier litigation and was not actually litigated. Nor was the location of the sign necessary to the Supreme Court's ultimate determination that the OMIA permitting requirements were unconstitutional. *See Drews*, 310 Or at 140 ("issue preclusion" "precludes future litigation on a subject issue only if the issue was 'actually litigated and determined' in a setting where 'its determination was essential to' the final decision reached" (quoting *North Clackamas School Dist.*, 305 Or at 53)). Because the location of plaintiff's sign was not actually litigated and determined in the earlier litigation culminating in the Supreme Court's opinion in *Outdoor Media Dimensions*, or essential to the court's final decision, that litigation has no preclusive effect as to the location of the sign.

Petitioner nonetheless argues that the state's position in this litigation regarding the right of way is barred by claim preclusion. Claim preclusion is a branch of "preclusion by former adjudication" that prohibits a party from relitigating the same claim or splitting claims arising from a series of connected transactions into multiple actions against the same opponent. *Bloomfield v. Weakland*, 399 Or 504, 510, 123 P3d 275 (2005).

> "'[A] plaintiff who has prosecuted one action against a defendant through to a final judgment *** is barred *** from prosecuting another action against the same defendant

where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.'"

*Drews*, 310 Or at 140 (quoting *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982)). A "claim," in the context of claim preclusion, is "transactional"—it is conclusive between parties "with respect to all or any part of the transaction, or series of connected transactions." *Id.* at 141. Claim preclusion requires only an opportunity to litigate and does not require actual litigation of an issue or fact. *Id.* at 140. Plaintiff argues that claim preclusion bars the state from asserting as a defense in this litigation that the sign is within the right of way, because the state could have but failed to make that assertion in the former litigation relating to sign permitting.

In plaintiff's view, ODOT's current effort to remove the sign is simply a continuation of the process that ODOT began in 2003 when ODOT sought to enforce the OMIA sign-permitting requirements. Plaintiff is incorrect. In 2003, ODOT sought to bring plaintiff into compliance with the OMIA permit requirements. Although sign removal was a possible consequence of noncompliance with those requirements, *see* ORS 377.725(10) (requiring removal of a sign for which there is no permit), it was not a procedure to which ODOT had resorted in the prior litigation. *See* ORS 377.775 (setting forth procedures for sign removal). Moreover, because ODOT's effort throughout the administrative proceeding that culminated as a result of the decision in *Outdoor Media Dimensions* was directed toward bringing a sign that it and plaintiff understood to be located on plaintiff's property into compliance with the permitting requirements of the OMIA, the current action to require plaintiff to remove the sign on the ground that it is located in the right of way is not an action that conflicts with the principle that claim preclusion is intended to serve, *viz.*, to prevent parties from splitting a single dispute into two or more disputes. Until the state learned that the sign is in the right of way, the state had no reason or basis to pursue a claim to remove the sign on the ground that it was located in the right of way.

But, even if the state's assertion that the sign is unlawful because it is in the highway right of way is considered to be part of the same transaction as the earlier litigation relating to permitting, we conclude that claim preclusion does not apply. ODOT has an obligation to enforce the laws relating to protection of highway rights of way and to remove nonconforming signs, which are considered to be a nuisance. *See* ORS 377.775 ("Any sign that fails to comply with ORS 377.700 to 377.844 is a public and private nuisance."). We conclude that that public policy weighs against application of claim preclusion. *See Drews*, 310 Or at 141 ("Claim and issue preclusion are subject to a number of exceptions."); *Restatement (Second) of Judgments* § 26, comment f (1982) (claim preclusion may be disregarded in appropriate circumstances when the policies favoring preclusion of a second action are trumped by other significant policies); *see also Bankus v. City of Brookings*, 252 Or 257, 260, 449 P2d 646 (1969) ("[T]he authorities are uniform that the mandatory requirements of an ordinance specifically stated cannot be waived."); *City of Mosier v. Hood River Sand*, 206 Or App 292, 136 P3d 1160 (2006) (although a governmental agency may be estopped from asserting a claim inconsistent with a previous position it has taken, there must have been reasonable reliance on the government actor's misstatements).

The record on summary judgment requires the finding that plaintiff's sign is in the highway right of way. The state's order to plaintiff to remove the sign, which plaintiff has not challenged, has become final and is conclusive and binding on plaintiff. The trial court therefore did not err in dismissing plaintiff's inverse-condemnation claim and rejecting plaintiff's request for a declaratory ruling that the sign is lawful. However, because the trial court dismissed plaintiff's declaratory judgment claim rather than entering a declaration on it, we remand the case to the trial court for entry of a corrected judgment.

Vacated and remanded.