168 December 26, 2024 No. 953

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CYNTHIA KAY
and TIMOTHY KAY,
*Plaintiffs-Appellants.*

*v.*

THE BANK OF NEW YORK MELLON,
fka The Bank of New York, as Indenture Trustee for
CWHEQ Revolving Home Equity Loan Trust, Series 2007-
A, and Quality Loan Service Corp. of Washington,
*Defendants-Respondents.*

Lane County Circuit Court
20CV27122; A181234

Erin A. Fennerty, Judge.

Submitted October 15, 2024.

Travis W. Misfeldt and Travis W. Misfeldt, P.C. filed the brief for appellants.

John M. Thomas and McCarthy Holthus, LLP, filed the brief for respondent Quality Loan Service Corporation of Washington.

Garrett S. Garfield and Holland & Knight, LLP, filed the brief for respondent The Bank of New York Mellon.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Vacated and remanded.

**KAMINS, J.**

Homeowners Timothy and Cynthia Kay[1] (plaintiffs) appeal a general judgment of dismissal following a grant of summary judgment to Bank of New York Mellon (defendant), which dismissed plaintiffs' claims for declaratory judgment and breach of contract. Plaintiffs also assign error to a partial grant of defendant's second motion to dismiss their claim for damages related to purported violations of the Unlawful Debt Collection Practices Act (UDCPA), and a denial of defendant's first motion to dismiss[2] that declared ORS 88.110 to be the applicable statute of limitations For the following reasons, we affirm on the merits, but vacate and remand for entry of a new judgment that declares the rights of the parties.

In reviewing the trial court's grant of summary judgment, we view the facts in the light most favorable to plaintiffs, as the non-moving party. *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021). In reviewing the trial court's decision on the motion to dismiss, we accept as true all well-pleaded factual allegations in the complaint and make reasonable inferences from those allegations in favor of plaintiffs. *Kutz v. Lee*, 291 Or App 470, 472, 422 P3d 362 (2018). We state the facts consistently with those standards.

Plaintiffs took out a line of credit (loan agreement) from Hyperion Bank (not a party to this proceeding) using the equity from their home. To secure their loan agreement, plaintiffs executed a deed of trust on their home with Hyperion listed as the lender and Mortgage Electronic Registration Systems, Inc. (MERS) listed as the beneficiary "solely as nominee" for Hyperion. Through a series of transactions, plaintiffs' debt was eventually placed in a trust. The trust assigned defendant as indenture trustee, giving defendant authority to take action on the underlying trust deed. In 2010, plaintiffs stopped repaying the money they withdrew from the line of credit. In 2020, defendant initiated a nonjudicial foreclosure sale of plaintiffs' property.

---

[1] During the pendency of the action, Cynthia Kay passed away. However, the appeal is maintained in both of the parties' names and the opinion will refer to them both as plaintiffs.

[2] The parties refer to this order as a "partial grant" of a motion to dismiss.

Plaintiffs first assign error to the trial court's denial of defendant's first motion to dismiss, raising two issues.

*Statute of limitations.* First, plaintiffs argue that the trial court erred when it held that ORS 88.110, the statute of limitations related to foreclosure, applied. Plaintiffs' argument appears to rest on the theory that the initial trust deed to Hyperion is null and void because it listed MERS as a beneficiary and thus the statute of limitations related to the foreclosure of deeds is inapplicable.

However, a trust deed is not void merely because it lists MERS as a beneficiary. *See generally Brandrup v. ReconTrust Co.*, 353 Or 668, 303 P3d 301 (2013) (explaining Oregon law as it relates to trust deeds and recordation requirements). Rather, under the Oregon Trust Deed Act, the beneficiary of a trust deed is the person to whom the obligation that the trust deed secures is owed—typically, the lender or the lender's successors in interest—regardless of what name might be printed on the trust deed. *Id.* at 687-88, 693. Moreover, assignments of a trust deed that occur as a matter of law need not be recorded for the assigned beneficiary to foreclose nonjudicially. *Id.* at 699. Accordingly, the trust, as the owner of plaintiffs' loan agreement and the beneficiary of plaintiffs' trust deed, had the ability to foreclose nonjudicially and the ten-year statute of limitations in ORS 88.110 applies. ORS 88.110 (time period to bring mortgage foreclosure suit is 10 years from maturity or expiration of debt unless parties agree to extend); ORS 86.815 (time periods for judicial and nonjudicial foreclosure are the same). We therefore reject plaintiffs' argument regarding the statute of limitations.

*Documents attached to motion to dismiss.* Next, plaintiffs argue that the trial court improperly considered documents attached to defendant's motion to dismiss. Even assuming that the court committed error, any such error is harmless, because the documents could have been considered—and indeed, were considered—when the trial court granted summary judgment in favor of defendant.

Plaintiffs' second assignment of error challenges the trial court's partial grant of defendant's second motion

to dismiss plaintiffs' claim under the UDCPA, which prohibits unlawful debt collection practices. ORS 646.639(2). Plaintiffs contend that defendant violated the UDCPA by "[a]ttempt[ing] or threaten[ing] to enforce a right or remedy while knowing or having reason to know that the right or remedy does not exist." ORS 646.639(2)(k). However, assuming without deciding that the UDCPA applies, the remedy of nonjudicial foreclosure *did* exist and was available to defendant. We therefore reject plaintiffs' second assignment of error.

Finally, plaintiffs assign error to the trial court's grant of defendant's motion for summary judgment and advance three arguments.

*Hearsay.* First, plaintiffs argue that defendant's supporting evidence included an inadmissible declaration containing hearsay. *See generally* OEC 802-804 (Hearsay is generally inadmissible, unless it falls under a recognized hearsay exception.) However, the challenged declaration contained only statements based on personal knowledge and included attachments that are either not hearsay or fall under several well-recognized exceptions to the hearsay rule, including the business records exception and the independent acts of legal significance exception. OEC 803; *East County Recycling v. Pneumatic Construction*, 214 Or App 573, 582-83, 167 P3d 464 (2007).

*Breach of contract.* Next, plaintiffs maintain they did not receive loan statements from defendant, which they view as a breach of contract. However, evidence established that plaintiff's loan servicers sent monthly loan statements to an address from which plaintiffs communicated with them and they never received a return to sender or other undeliverable notice. Based on the evidence in the record, no objectively reasonable juror could have concluded that the servicers of plaintiffs' loan breached their contractual obligations. *See* ORCP 47 (stating summary judgment standard).

*Declaratory judgment.* Finally, plaintiffs argue that their declaratory judgment claim required the trial court to declare their rights rather than dismiss the claim on

summary judgment. We agree. "In a declaratory judgment action, 'if there is a justiciable controversy, the plaintiff is entitled to a declaration of its rights, even if that declaration is directly contrary to what it believes its rights to be.'" *Borough v. Caldwell (A171075)*, 314 Or App 48, 60-61, 497 P3d 1260, *rev den*, 368 Or 787 (2021) (quoting *Beldt v. Leise*, 185 Or App 572, 576, 60 P3d 1119 (2003)) (brackets omitted); *see also De Lanoy v. Taylor*, 300 Or App 517, 520, 452 P3d 1036 (2019) (When a "party asks for a declaration, it is incumbent on the court to declare the respective rights of the parties."). Accordingly, we vacate and remand for an entry of a judgment that declares the rights of the parties as provided in this opinion.

Vacated and remanded.